UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

IVAN GUILLORY  CIVIL ACTION: 2:21-cv-04312

VERSUS  JUDGE JAMES D. CAIN, JR.

CHENIERE ENERGY PARTNERS GP, LLC
MAGISTRATE JUDGE KATHLEEN KAY
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## **ANSWER TO PETITION FOR DAMAGES WITH REQUEST FOR TRIAL BY JURY**

NOW INTO COURT, through undersigned counsel, comes CHENIERE ENERGY PARTNERS GP, L.L.C., who for Answer to the "Petition for Damages", states as follows:

1.

The allegations contained in the preamble which precedes the first paragraph of the "Petition for Damages" are denied for lack of sufficient information upon which to justify a belief.  Insofar as the allegations contained in Paragraph 1 of the "Petition for Damages", it is admitted Cheniere Energy Partners GP, L.L.C. is a limited liability company organized under the laws of the State of Delaware, with its principal place of business located in Texas.  Insofar as allegations defendant is responsible in any way for the damages allegedly sustained by petitioner, these allegations are denied.

2.

The allegations contained in Paragraph 2 of the "Petition for Damages" are denied for lack of sufficient information upon which to justify a belief.

3.

The allegations contained in Paragraph 3 of the "Petition for Damages" are denied for lack of sufficient information upon which to justify a belief.

4.

The allegations contained in Paragraph 4 of the "Petition for Damages" are denied.

5.

The allegations contained in Paragraph 5 of the "Petition for Damages" are denied for lack of sufficient information upon which to justify a belief.

6.

The allegations contained in Paragraph 6 of the "Petition for Damages" are denied for lack of sufficient information upon which to justify a belief.

7.

The allegations contained in Paragraph 7 of the "Petition for Damages" are denied for lack of sufficient information upon which to justify a belief.

8.

The allegations contained in Paragraph 8 of the "Petition for Damages" are denied.

AND NOW, responding further to the allegations of the "Petition for Damages", defendant pleads the following affirmative defenses:

9.

Defendant is entitled to and requests trial by jury on all issues before this court.

10.

In the event it is shown defendant is the statutory employer of plaintiff, in that event, plaintiff's exclusive remedy under Louisiana law is the recovery of workers' compensation benefits.

11.

Defendant denies it, or anyone for whose actions it may be responsible, in any way caused or contributed to the damages alleged in the plaintiff's Petition.

12.

Defendant pleads the fault, negligence, or want of due care of persons for whom defendant is not legally responsible.

13.

Defendant asserts the defenses of proportionate responsibility, contributory and comparative fault, and/or assumption of the risk as barring or reducing plaintiff's recovery.

14.

Defendant asserts the conditions for which the plaintiff has alleged there was fault, did not rise to an unreasonably safe condition.

15.

In the event it is shown the plaintiff has failed to mitigate his damages, this failure to mitigate damages is pled as a bar to recovery.

16.

The condition for which the plaintiff seeks recovery was open and obvious.

17.

Defendant specifically denies it has any legal responsibility for the actions of separate and distinct legal entities.

18.

Defendant alleges plaintiff's accidents and/or injuries were the result of his own fault and/or negligence through the following non-exclusive particulars:

a. Failing to keep a proper lookout;

b. Failing to see what he should have seen;

c. Failing to take the appropriate action under the circumstances;

d. Failing to care for his own safety;

e. Failing to take appropriate action when confronted with an open and obvious condition;

f. Failing to act as a reasonable person;

g. Failing to follow warnings and instructions; and

h. Other acts of negligence which may be shown at the time of trial.

WHEREFORE, the premise considered, defendant prays its Answer be deemed good and sufficient, and after due proceedings are had, there be judgment in defendant's favor, dismissing the plaintiff's Petition, with prejudice, at plaintiff's cost.

Defendant further prays for equitable relief for all relief proper in the premise.

RESPECTFULLY SUBMITTED:

**BRINEY FORET CORRY, LLP**

\_\_/S/Charles J. Foret_____
CHARLES J. FORET (#05700)
JASON R. GARROT (#29202)
BRINEY FORET CORRY
413 Travis Street, Suite 200
Post Office Drawer 51367
Lafayette, LA 70505-1367
Telephone: (337) 237-4070
Facsimile: (337) 233-8719
ATTORNEYS FOR CHENIERE ENERGY
PARTNERS GP, LLC

## **CERTIFICATE**

I hereby certify that on this 21st day of December, 2021, I electronically filed the foregoing with the Clerk of Court using the ECF system, which sent notification of such filing to all ECF participants.

\_\_\_\_/S/ Charles J. Foret_____
CHARLES J. FORET - 05700